UNITED STATES of America,
Plaintiff–Appellee,

v.

Cleo Cornelius MOORE, Defendant–
Appellant.

No. 06–10209
Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

March 27, 2007.

* Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the property by force or by putting the person in fear. *Id.*

In North Carolina, common law robbery is defined as "the felonious, non-consensual taking of money or personal property from the person or presence of another by means of violence or fear." *State v. Parker,* 322 N.C. 559, 369 S.E.2d 596, 600 (1988) (internal quotation marks and citation omitted). Because this definition substantially corresponds to the elements of the generic offense, the district court did not err by applying the career offender enhancement based on its finding that Moore's state common law robbery offenses qualified as crimes of violence. *See Charon,* 442 F.3d at 886–87.

■ Moore also argues that his sentence is unreasonable because the district court departed upward from the advisory guidelines range based on his criminal history, which had already been taken into account in calculating his criminal history score and in applying the career offender enhancement. He contends that the district court erred by not analyzing the intermediate steps in the sentencing table before arriving at the 240–month sentence imposed.

We review the district court's decision to depart and the extent of departure for abuse of discretion. *See United States v. Smith,* 440 F.3d 704, 707 (5th Cir.2006). The district court upwardly departed under U.S.S.G. § 4A1.3, p.s., finding that Moore's "criminal history category substantially under-represents the seriousness of his criminal history and the likelihood that he will commit other crimes." The district court considered the factors in 18 U.S.C. § 3553(a), including the facts of Moore's prior convictions and the objectives of punishment, deterrence, and protection of the public. The district court reached the sentence imposed by moving incrementally down the sentencing table

by three levels in Criminal History Category VI. *See United States v. Ashburn,* 38 F.3d 803, 809 (5th Cir.1994) (en banc). Because the reasons offered by the district court advance the objectives in 18 U.S.C. § 3553(a) and are justified by the facts of the case, the district court did not abuse its discretion in imposing the 240–month sentence. *See United States v. Saldana,* 427 F.3d 298, 310 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 810, 163 L.Ed.2d 637 (2005); *United States v. Smith,* 417 F.3d 483, 491–93 (5th Cir.), *cert. denied,* —— U.S. ——, 126 S.Ct. 713, 163 L.Ed.2d 543 (2005).

AFFIRMED.

**Irma SALAZAR, Defendant–Appellant.**